Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
PO Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah McKay,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**Red Devil Italian Restaurant and Pizzeria, Inc.**, an Arizona Corporation, **Joseph Digeno Jr. and Jane Doe Digeno**, a married couple, **Michael F. Digeno and Jane Doe Digeno II**, a married couple,<br><br>　　　　　　Defendants. | No. _____<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

Plaintiff, Deborah McKay ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Red Devil Italian Restaurant and Pizzeria, Inc. ("Defendant Red Devil"), Joseph Digeno Jr. and Jane Doe Digeno, and Michael F. Digeno and Jane Doe Digeno II, and alleges as follows:

**PRELIMINARY STATEMENT**

1.　This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e).

3. The Arizona Wage Act, and Arizona Revised Statutes ("ARS") § 23-363, establishes a minimum wage within the State of Arizona. ARS § 23-363 recognizes that, under certain circumstances, employers may impose a tip credit of the wages of their tipped employees of up to $3.00 per hour.

4. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage law, employers may impose a tip credit on their tipped employees' wages of up to $3.00, on the condition that, among other requirements, all tips received by a tipped employee are retained by that tipped employee.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Red Devil was a corporation duly licensed to transact business in the State of Arizona. Defendant Red Devil does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Plaintiff was an employee of Defendant Red Devil. At all relevant times, Defendant Red Devil, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

-3-

connection with Plaintiff's employment with Defendant Red Devil. In any event, at all relevant times, Defendant Red Devil was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

10. At all relevant times, Defendant Joseph Digeno Jr. owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Red Devil Italian Restaurant and Pizzeria, Inc. At all relevant times, Defendant Joseph Digeno Jr. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Red Devil Italian Restaurant and Pizzeria, Inc. In any event, at all relevant times, Defendant Joseph Digeno Jr. was an employer subject to the FLSA and employed Plaintiff.

11. Upon information and belief, Defendant Joseph Digeno Jr. was and continues to be a resident of Maricopa County, Arizona.

12. Jane Doe Digeno is the fictitious name for Defendant Joseph Digeno Jr.'s spouse. When Jane Doe Digeno's true name has been ascertained, this Complaint shall be amended accordingly. Joseph Digeno Jr. and Jane Doe Digeno have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

13. At all relevant times, Defendant Michael F. Digeno owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Red Devil Italian Restaurant and Pizzeria, Inc. At all relevant times, Defendant Michael F. Digeno had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

-4-

employment records in connection with Plaintiff's employment with Red Devil Italian Restaurant and Pizzeria, Inc. In any event, at all relevant times, Defendant Michael F. Digeno was an employer subject to the FLSA and employed Plaintiff.

14. Upon information and belief, Defendant Michael F. Digeno was and continues to be a resident of Maricopa County, Arizona.

15. Jane Doe Digeno II is the fictitious name for Defendant Michael F. Digeno's spouse. When Jane Doe Digeno II's true name has been ascertained, this Complaint shall be amended accordingly. Michael F. Digeno and Jane Doe Digeno II have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

16. At all relevant times, Plaintiff was an "employee" of Defendant Red Devil, Joseph Digeno Jr., and Michael F. Digeno as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be an "employer" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

21. Defendants own and/or operate as Red Devil Italian Restaurant and Pizzeria, Inc., an enterprise located in Maricopa County, Arizona.

22. Plaintiff was hired by Defendants to work as a server, and Plaintiff worked for Defendants between approximately March 1, 2008 and July 31, 2015.

23. Rather than pay its tipped employees the applicable minimum wage, for the time Plaintiff was paid as a tipped employee, Defendants imposed a tip credit upon Plaintiff at below the applicable minimum wage.

24. As a result of Defendants' imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

25. Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

26. Examples of non-tipped labor related to Plaintiff's tipped occupation that exceeded 20% of Plaintiff's regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

27. Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during her regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and

-6-

cleaning the expo line, restocking restrooms, and cleaning toilets, urinals, and restroom floors.

28. As a result of Defendant's willful requirement that Plaintiff perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks, Defendant paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendant, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage.

29. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

30. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform the above-listed non-tipped labor unrelated to her tipped occupation during the course of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

31. As a result of Defendant's requirement that Plaintiff perform such non-tipped labor related to her tipped occupation, and in excess of twenty percent (20%) of her regular

workweek, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendant was prohibited from taking the tip credit for the hours Plaintiff spent working in a non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendant paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

32. As a result of Defendant's requirement that Plaintiff perform such non-tipped labor unrelated to her tipped occupation, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendant was prohibited from taking the tip credit for the hours Plaintiff spent working in her non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As

such, Defendant paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

33. As a result of Defendant's willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

34. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

35. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for time spent performing non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks, and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

36. In a given workweek, and during each and every workweek for which Plaintiff worked for Defendant as a tipped employee, Defendant required Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek. Defendant paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendant, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendant required Plaintiff to perform non-tipped labor related to her

-9-

tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation each and every workweek during which she worked for Defendant.

37. Plaintiff believes and therefore avers that Defendant owes her similar wages for each and every workweek during which she worked for Defendant for the entire duration of her employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

38. Defendant engaged in the regular practice of failing to accurately, if at all, record the time during which Defendant suffered or permitted Plaintiff to work. As such, Defendant's records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendant suffered or permitted Plaintiff to work.

39. Defendants failed to inform the Plaintiff of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 at any time during the duration of her employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff for all time that Plaintiff worked during the course of her regular 40-hour workweeks.

40. Defendants failed, neglected, and/or refused to inform Plaintiff of the amount of cash wage the Defendants were paying Plaintiff.

41. Defendants failed, neglected, and/or refused to inform Plaintiff of the additional amount claimed by Defendants as a tip credit.

-10-

42. Defendants failed, neglected, and/or refused to inform Plaintiff that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiff.

43. Defendants failed, neglected, and/or refused to inform Plaintiff that all tips received by Plaintiff were to be retained by Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

44. Defendants failed, neglected, and/or refused to inform Plaintiff that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

45. Defendant failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of her employment with Defendant. As such, Defendant was not entitled to impose any tip credit upon Plaintiff's wages, and Defendant should have therefore paid the full Arizona minimum wage to Plaintiff for all time Plaintiff worked during the course of her regular 40-hour workweeks.

46. As such, full minimum wage for such time is owed to Plaintiff for the entire time she was employed by Defendant.

47. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

48. Plaintiff was a non-exempt employee.

49. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

50. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

-11-

51. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendant intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek that Plaintiff was employed by Defendant, to perform non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

54. Defendant intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff was employed by Defendant, in violation of 29 U.S.C. § 206(a).

55. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendant.

56. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

57. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Deborah McKay, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants, for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### NON-TIPPED LABOR UNRELATED TO TIPPED WORK

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendant intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendant, to perform non-tipped labor unrelated to

-13-

her tipped occupation over the course of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

60. Defendant intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor unrelated to her tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff was employed by Defendant, in violation of 29 U.S.C. § 206(a).

61. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor unrelated to her tipped occupation over the course of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendant.

62. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

63. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Deborah McKay, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants, for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages,

prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFF

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants intentionally failed and/or refused to inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

66. Defendants intentionally failed and/or refused to pay Plaintiff the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

67. As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she was employed by Defendants.

68. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full minimum wage over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

69. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Deborah McKay, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants, for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. As alleged in Counts One through Three, Defendants regularly and consistently failed and/or refused to compensate Plaintiff at the applicable Arizona minimum wage rate for all hours worked, during each and every workweek during which Plaintiff worked for Defendants.

72. As a result of Defendants' failure and/or refusal to pay Plaintiff minimum wage for all hours worked during each and every workweek of his employment with Defendants, Defendants violated ARS § 23-363.

73. As a result of Defendants' willful failure to compensate Plaintiff the applicable Arizona minimum wage for all hours worked, Defendants violated the Arizona Wage Act.

74. As such, the full applicable Arizona minimum wage is owed to Plaintiff for each and every workweek that Plaintiff worked for Defendants.

75. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full minimum wage for time spent working for Defendants would violate federal and state law, and Defendants were aware of the Arizona minimum

-16-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

76. Defendants have and continue to willfully violate the Arizona Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage.

77. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, costs, and reasonable attorney fees.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 3rd Day of February 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff