# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah McKay, | No. CV-16-415-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Red Devil Italian Rest. & Pizzeria, Inc., et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Unopposed Motion to Approve Settlement and Dismiss Suit, which was filed under seal with the Court's approval. (Docs. 23, 24.) Plaintiff attached a copy of the proposed settlement agreement for the Court's *in camera* review. The parties jointly seek the Court's approval of the proposed settlement agreement. (Docs. 24, 25.) The parties assert that the proposed settlement agreement represents a fair and reasonable compromise of the disputed issues in this case.

FLSA's provisions are mandatory and "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (further quotation omitted). Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c),

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Hand v. Dionex Corp., No. CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

1 the Secretary of Labor is authorized to supervise payment to employees of unpaid wages
2 owing to them. Id. at 1353. The second way is provided in the context of litigation brought
3 directly by employees against their employer pursuant to § 216(b) to recover back wages.
4 Id. When an employee brings a private action for back wages and presents to the district
5 court a proposed settlement, the district court "may enter a stipulated judgment after
6 scrutinizing the settlement for fairness." Id.

7 Generally, district courts do not rule on a private settlement agreement negotiated
8 between the parties in a civil action for damages. However, as stated, because this is an
9 FLSA action against Defendant, the parties must seek approval of their settlement agreement
10 in order to ensure its enforceability. The Court may approve the settlement if it is a fair and
11 reasonable compromise of the issues. See Lynn's, 679 F.2d at 1354.

12 The Court has reviewed the parties' proposed settlement agreement under seal and
13 finds that the settlement does reflect a fair and reasonable resolution of the issues. Therefore,
14 the Court will approve the proposed settlement agreement between the parties.

15 Accordingly,

16 **IT IS HEREBY ORDERED** granting the Plaintiff's Unopposed Motion to Approve
17 Settlement and Dismiss Suit, which was filed under seal with the Court's approval. (Doc.
18 24.) The Settlement Agreement is approved in all respects. The parties shall file a stipulation
19 to dismiss this case with prejudice as soon as practicable but no later than **Friday, November**
20 **17, 2017**.

21 DATED this 26th day of October, 2017.

Stephen M. McNamee
Senior United States District Judge